UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | DECISION AND ORDER |
| v. | |
| CHARLES WASHINGTON, | 19-CR-125(RJA)(JJM) |
| Defendant. | |

---

Defendant Charles Washington is charged, along with nine other defendants, in a 40-count Superseding Indictment [123][1], with various controlled substance related offenses, including conspiring with the co-defendants from in or about August 2018 to June 18, 2019 to possess with intent to distribute and distribution of cocaine base, cocaine, and marijuana, and to maintain two premises (67 and 76 Townsend in Buffalo, New York) for purposes of those activities. Id., Count 1. Before the court are defendant's remaining pretrial motions for which I requested further briefing in my February 11, 2020 Report, Recommendation and Order [242]. For the following reasons, the remaining motions are denied.

## ANALYSIS

### A. Motion for Defendant to have Access to the Video Recordings of the Controlled Purchases.

In his January 31, 2020 e-mail identifying the issues in his motion that remain in dispute, defendant's counsel stated "I have been to the government['s] office on a number of occasions and have reviewed the videos . . . . However my client and I believe that I should be

---

[1] Bracketed references are to the CM/ECF docket entries.

provided with a copy of the video or that he should be brought to a place where he can view it". Since defendant's access to the videos of the controlled purchases was not raised in defendant's initial motion, I permitted further briefing on this issue.

The government opposes granting defendant access to the videos, noting that disclosure to defendant would reveal the identity of the confidential informant in this case and that it has "significant safety concerns" from such disclosure, since defendant was arrested for unlawful possession of a firearm during the course of the conspiracy. Government's Response [255], pp. 1-2. It also points to the stipulated Protective Order [66], which restricts disclosure to defendants of the electronic footage captured during the investigation, absent further order of the Court or until 30 days before trial.

Fed. R. Crim. P. 16(d)(1), which authorizes the entry of protective orders, states that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief". "When a party requests a modification or rescission of a protective order, courts consider whether good cause exists for the modification or rescission and whether the other party has relied upon the protective order." United States v. Walker, 2019 WL 4412909, *11 (E.D.N.C. 2019).

Here, defendant offers no explanation as to why he requires access to the videos of the controlled buys at this time, when they have been viewed by his attorney, he currently has access to the DEA and New York State Police reports that memorialize the controlled purchases, and he will have access to the videos before trial. Nor has he offered any reason to modify the Protective Order that he previously agreed to and the government has relied upon. Therefore, the motion is denied.

B.  **Motion for Suppression of Evidence from the Seized Cellular Telephone**

Defendant's initial motion noted that the government was determining whether any evidence would be obtained from his seized cellular telephone, and requested additional time to move for suppression until after the search of the phone was completed by the government. Greenman Affidavit [161-1], ¶12. Because of the public and co-defendants' interest in a speedy trial, I directed the government in my February 11, 2020 Report, Recommendation and Order to produce the search warrant for the cellular telephone, and for the defendant to file his motion for suppression by March 2, 2020, including any affidavit or declaration of standing. [242], p. 11. To date, nothing has been filed. Therefore, I will assume that defendant does not intend to seek suppression of this evidence, and deny the motion as moot.

## CONCLUSION

For these reasons, defendant's remaining pretrial motions are denied.

Dated: March 16, 2020

/s/ J. M.
JEREMIAH J. MCCARTHY
United States Magistrate Judge