UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER ON SUPPLEMENTAL PRETRIAL MOTION** |
| v. | |
| CHARLES WASHINGTON, | 19-CR-125(RJA)(JJM) |
| Defendant. | |

_____

        Defendant Charles Washington is charged, along with seven other defendants, in a 28-count Second Superseding Indictment [291][1], with various controlled substance related offenses, including conspiring with the co-defendants from in or about August 2018 to June 18, 2019 to possess with intent to distribute and distribution of 280 grams or more of cocaine base, 500 grams or more of cocaine, and 100 kilograms or more of marijuana. Id., Count 1. The Superseding Indictment [123] contained a nearly identical conspiracy charge, but alleged that the defendants possessed substantially less cocaine base (28 grams or more), and an unspecified amount of marijuana. Id., Count 1.[2]

        Before the court is defendant's supplemental motion for a bill of particulars [342].[3] Because of the change in the quantity of cocaine base and marijuana alleged, defendant seeks particularization as to "why those numbers are materially higher". Greenman Affidavit

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Initially, the Indictment [1] charged defendant with conspiring to possess with intent to distribute and distribution of 28 grams or more of cocaine base and an unspecified amount of marijuana.

[3]     Defendant's initial pretrial motions included a motion for a bill of particulars, which I granted in part and denied in part in my February 11, 2020 Report, Recommendation and Order. [242], pp. 4-9. Objections to that portion of the Report, Recommendation and Order remain pending. [343], pp. 6-7.

[342], ¶16.[4]  Having considered the parties' submissions on that issue [342, 347] and heard oral argument on July 10, 2020 [354], the motion is denied.

## DISCUSSION

Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).[5]  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999).  "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002).  A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

---

[4]  Although defendant's motion seeks five items of particularization (Greenman Affidavit [342], ¶¶13, 18), his counsel conceded at oral argument that his requests were rooted in seeking particularization of the quantities of controlled substances alleged.

[5]  Some courts have questioned the double jeopardy justification for granting particularization. *See, e.g.*, United States v. Payden, 613 F.Supp. 800, 816 n. 16 (S.D.N.Y. 1985).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form". United States v. Barnes, 158 F.3d 662, 665 (2d Cir.1998). See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery"). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

"The necessity of a bill of particulars depends on the nature of the charged crime." United States v. Meregildo, 2012 WL 3834732, *5 (S.D.N.Y. 2012). "[A] bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". Barnes, 158 F.3d at 666. See also United States v. Reddy, 190 F. Supp. 2d 558, 570 (S.D.N.Y. 2002) ("[c]ourts have granted requests for bills of particulars identifying co-conspirators in cases where the number of defendants was large, where the alleged conspiracy spanned long periods of time and where the alleged schemes were wide-ranging").

In seeking particularization as to why the drug quantities have increased, defendant explains that the Second Superseding Indictment "does not provide any source of information as to why it is that [he] has [now] been charged with three separate drug quantities each of which contains a mandatory minimum". Greenman Affidavit [342], ¶17.

The government responds that it "has already provided substantially all of the discovery in its possession, including the relevant DEA reports that provide the basis for this case", and that defendant "fails to articulate any facts upon which the Court could conclude the

-3-

[he] has met his burden of establishing need". Government's Response [347], p. 7. The government also explains that the information supporting the additional weights charged in Count 1 came from the testimony and evidence presented to the grand jury, including "the FBI Cryptanalysis Report . . . which outlined the bulk marijuana purchases and sales associated with this organization", "pole camera footage, arrests in and around 67 and 76 Townsend Street, and drugs and money seized during this investigation". Id.  The discovery provided to defendant also includes reports of 27 controlled purchases and laboratory reports related to controlled substances seized on June 18, 2019. Id., pp. 2-3.

"The drug quantity attributable to a defendant knowingly participating in a drug distribution conspiracy includes (1) transactions in which he participated directly, (2) transactions in which he did not personally participate, but where he knew of the transactions or they were reasonably foreseeable to him, and (3) quantities he agreed to distribute or possess with intent to distribute regardless of whether he ultimately committed the substantive act." United States v. Pauling, 924 F.3d 649, 657 (2d Cir. 2019). "[W]hile quantities of controlled substances in a drug distribution conspiracy prosecution may be determined through extrapolation, approximation, or deduction, there ordinarily must be evidence of known quantities, which are sufficiently representative of the unknown quantities and from which an approximation of the unknown quantities can logically be derived." Id.

The Second Superseding Indictment specifies the quantity of controlled substances possessed with intent to distribute and distributed by the conspiracy. Although "[t]he Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others", "[t]he information

-5-

set forth in the Second Superseding Indictment, along with the extensive discovery provided to date . . . are . . . sufficient for the preparation of a defense." United States v. Riggins, 2008 WL 558087, *3 (D.S.D. 2008).

Although it may be helpful for defendant to understand why the alleged quantities increased in the Second Superseding Indictment, he has not established that such information is necessary for his defense.  As discussed above, a defendant is entitled to understand the nature of the charges, prepare a defense, and avoid unfair surprise.  Through the allegations of the Second Superseding Indictment, the discovery provided, and explanation offered by the government in response to defendant's motion, he can perform those functions.

## CONCLUSION

For these reasons, defendant's supplemental motion [342] is denied.

Dated:  July 16, 2020

      /s/Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge